FILED BY /0 D.C.

05 OCT 31 PM 4: 43

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
## FOR WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

GEORGE JIVIDEN,

    Plaintiff,

vs.

MERCK & CO., INC.,

    Defendant.

Case No.: 05-2659 D V

### ORDER ADMINISTRATIVELY CLOSING CASE

It appears to the court that this case may be administered by, and included as a part of MDL-1657. This court, therefore, will administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at the District Court level at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the court and in nowise affects the substantive and/or procedural rights of the parties in interest to proceed before this court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-2-05



It also is expressly emphasized that an administratively closed case can be easily reopened by a simple order of the court without the necessity of a reopening filing fee should the case require further administration by the District Court. Upon its reopening, the case then becomes, ipso facto, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

**IT IS SO ORDERED** this _31st_ day of _October_ 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02659 was distributed by fax, mail, or direct printing on November 2, 2005 to the parties listed.

---

Kathryn E. Barnett
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP- Nashville
One Nashville Place
150 4th Ave., N.
Ste. 1650
Nashville, TN 37219--242

Michael F. Montesi
GATTI KELTNER BIENVENU & MONTESI
219 Adams Ave.
Memphis, TN 38103

Mark P. Chalos
LIEFF CABRASHER HEIMANN & BERNSTEIN, LLP
One Nashville Place
150 Fourth Ave., North
Ste. 1550
Nashville, TN 37219--242

Honorable Bernice Donald
US DISTRICT COURT